**Reina Elizabeth GONZALES, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 16-70692

United States Court of Appeals, Ninth Circuit.

Submitted October 23, 2017 *

Filed November 15, 2017

Christian De Olivas, Attorney, DOLF De Olivas Law Firm, Santa Ana, CA, for Petitioner

OIL, Kerry Ann Monaco, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Reina Elizabeth Gonzales, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-1040 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Gonzales's testimony as to where she was and whom she was with when her cousin was killed, whether the murder was reported to the police, and how many times she was threatened. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Gonzales's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Gonzales's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.